FILED

DEC 16 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

MICHAEL STEWART MULLICANE,

        Petitioner - Appellant,

    v.

KENNETH CLARK,

        Respondent - Appellee.

No. 11-55199

D.C. No. 2:09-cv-05179-ODW-JCG

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted August 8, 2013
Pasadena, California

Before: SILVERMAN and WARDLAW, Circuit Judges, and GEORGE, Senior
District Judge.[**]

    Michael Mullicane appeals the district court's denial of his petition brought

pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291

and 2253(c), and AFFIRM.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Lloyd D. George, Senior District Judge for the U.S.
District Court for the District of Nevada, sitting by designation.

We review the California Court of Appeal's written decision denying Mullicane's direct appeal, as that is the last reasoned decision addressing his claims. *See Johnson v. Williams*, 133 S. Ct. 1088, 1094 fn.1 (2013); *Cannedy v. Adams*, 706 F.3d 1148, 1157 (9th Cir. 2013). Our review is governed by the highly deferential standard imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Felkner v. Jackson*, 131 S. Ct. 1305, 1307 (2011).

The Voluntariness Claim.

Mullicane was given *Miranda* warnings, requisite to establishing the admissibility of statements he gave during the custodial interrogation. *Dickerson v. United States,* 530 U.S. 428, 435 (2000). This "does not, of course, dispense with the voluntariness inquiry." *Id.* at 444. Voluntariness is determined by looking to "the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation." *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973).

The state court found that, prior to making his statement, Mullicane was informed he could not make a phone call, and that he did not make a phone call. The state court erred in finding that Henderson's instruction "to the jailer that Mullicane should make no calls during the execution of the search warrant was limited in time and scope as to the accused's workplace, but not as to his lawyer."

-2-

This error is immaterial because (a) Mullicane was unaware of Henderson's instruction to the jailer, (b) the state court correctly determined that the jailer informed Mullicane that he could not make a phone call, and (c) the state court's analysis assumed that Henderson's instruction was "unclear" (i.e., that Henderson's instruction to the jailer was not limited in time and scope to Mullicane's workplace). The state court acknowledged Mullicane's testimony of his intent to call counsel, but noted that he never communicated that intent to the jailer.

The state court was incorrect to the extent that it concluded that Mullicane *expressly* waived his *Miranda* rights in writing *before* proceeding with the interview. The mistake is immaterial because, before proceeding with the interview, Mullicane was advised of his rights, stated he understood his rights, and invoked neither his right to counsel nor his right to remain silent, thereby implicitly waiving his rights. *See United States v. Labrada-Bustamante*, 428 F.3d 1252, 1262 (9th Cir. 2005) ("[A]n express waiver is not required for a valid *Miranda* waiver.").

The state court acknowledged the letter from Mullicane's counsel to Henderson, noting that despite the letter announcing Mullicane had retained counsel, Mullicane "neither asked to have his counsel present nor elected to remain

silent during his arrest and custody." The state court also noted Mullicane's prior arrests and convictions.

The state court's decision and analysis acknowledged factors and circumstances both in favor of and adverse to Mullicane regarding the voluntariness of his statement. None of the circumstances favoring Mullicane, standing alone, requires a finding that his statement was involuntary. Given the deference required of federal courts sitting in habeas review, we cannot conclude that the state court's totality of circumstances analysis was contrary to, or was an unreasonable application of, clearly established federal law. Nor can we conclude that the state court's decision was based on unreasonable determinations of facts material to that decision.

The Due Process Claim.

Mullicane exhausted this federal claim–that his due process rights were violated when he was denied his California Penal Code § 851.5 phone calls–by citing to and relying upon *Carlo v. City of Chino*, 105 F.3d 493 (9th Cir. 1997), in his direct appeal. *See Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

We assume, without so deciding, that § 851.5 creates a liberty interest. We do so because the Constitution does not guarantee Mullicane due process protections greater than that with which he was provided. *See Sandin v. Conner,*

515 U.S. 472, 484 fn.5 (1995) (Resolution of the "anterior question" of whether a person "possessed a liberty interest at all [is] unnecessary to the disposition of the case" when no additional process is due.).

The state court considered whether the violation of Mullicane's § 851.5 right to make a phone call rendered his statement involuntary. The state court noted that, when read in its entirety, § 851.5 "recognizes that particular circumstances may properly be weighed in balance with the rights guaranteed the accused." *People v. Moreland*, 15 Cal. App. 3d 269, 275 (1971). The state court's balancing of circumstances in considering Mullicane's due process claim is consistent with the Supreme Court's due process jurisprudence, as that jurisprudence is the foundation of the totality of circumstances test. *See Dickerson,* 530 U.S. at 434-35; *Brown v. Mississippi*, 297 U.S. 278 (1936). The state court's analysis considered the § 851.5 violation, as well as Mullicane's failure to notify the jailer of his intent to use the phone to contact an attorney and his waiver of his rights. As with Mullicane's voluntariness claim, we cannot conclude that the state court's decision was contrary to, or was an unreasonable application of, clearly established federal law.

AFFIRMED.